# In the United States Court of Federal Claims

No. 11-409C
(Filed November 8, 2011)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
ROBYN LEMUS,                                  *
                                              *
            Plaintiff,                        *
                                              *
      v.                                      *
                                              *
THE UNITED STATES,                            *
                                              *
            Defendant.                        *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER DISMISSING CASE

As the Court indicated during today's oral argument on defendant's motion to dismiss this case, plaintiff's claim does not fall within the jurisdiction of this court. The defendant's motion to dismiss is therefore **GRANTED**.

Plaintiff alleges that the Department of Justice's Bureau of Justice Assistance ("BJA") arbitrarily and capriciously denied the claim she brought under the Public Safety Officer's Benefits Act, 42 U.S.C. § 3796 ("PSOBA").[1] Compl. ¶ 13. Plaintiff seeks monetary damages in the amount of $275, 658.00, prejudgment interest, attorney's fees and costs. Compl. at 4.

Plaintiff's husband, Mariano Lemus, was a deputy in the Orange County, Florida Sheriff's Office from February 1994 until his death in May 2005. *Id.* ¶ 2. Mister Lemus died of Hepatitis C, which plaintiff alleges was contracted in the line of duty. *Id.* In 2007, plaintiff first sought benefits under the PSOBA. *Id.* ¶ 3. Plaintiff's initial claim was denied, as was her first appeal to the BJA, and her final appeal before the BJA has been pending since March 2009. *Id.* ¶¶ 3-6. After waiting four months for the BJA to submit a final independent medical review, plaintiff filed suit in this court on June 21, 2011.[2] *Id.* ¶ 11.

---

[1] The PSOBA provides a death benefit in the form of a lump sum payment of $250,000, adjusted for inflation, to the survivors of public safety officers who died as a result of injuries sustained in the line of duty. 42 U.S.C. § 3796.

[2] While this case was pending before the Court, the BJA's independent medical review was completed on August 18, 2011 and sent to plaintiff on September 6, 2011. Def.'s Reply in Supp.

Defendant moved to dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, arguing that plaintiff's appeal is premature as the BJA has not yet issued a final decision and exhaustion of administrative remedies is required under 28 C.F.R. § 32.8.  Mot. to Dismiss at 6.  Defendant also argues that even if there were a final decision to appeal, 42 U.S.C.A. § 3796c-2 provides that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from final BJA decisions regarding PSOBA claims.  Plaintiff acknowledges that the BJA has not yet reached a final decision, Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 2, but asks the Court to deem her administrative remedies exhausted due to the length of time her final BJA appeal has been pending.  Pl.'s Resp. at 4-5.

Prior to December 26, 2007 --- the effective date of 42 U.S.C.A. § 3796c-2 --- this court possessed jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (a)(1), over claims that PSOBA benefits were improperly denied by final BJA decisions.  *See e.g. Bice v. United States*, 72 Fed. Cl. 432, 441 (2006).  The plain language of 42 U.S.C.A. § 3796c-2, however, provides that the Federal Circuit "shall have exclusive jurisdiction" over these cases as direct appeals from the BJA, thus removing them from our Tucker Act jurisdiction.  *See Juneau v. Dep't of Justice*, 583 F.3d 777, 780 (Fed. Cir. 2009); *Curtis v. Dep't of Justice*, 342 F. App'x 610, 612 (Fed. Cir. 2009) (per curiam).

Although our court no longer possesses jurisdiction to hear claims based on final decisions of the BJA to deny PSOBA benefits, plaintiff nevertheless would like the Court to determine that the exhaustion defense has been waived by the BJA's delay in reaching a final decision --- thereby deeming a final denial, which can then be appealed to the Federal Circuit. But section 3796c-2 has displaced any jurisdiction our court would have over final decisions denying PSOBA benefits, and there would be no Tucker Act basis to challenge the *failure* to deny an application for benefits.  Thus, the Court cannot take jurisdiction over plaintiff's case in order to deem her administrative remedies exhausted.

Plaintiff's case is dismissed without prejudice.  The Clerk shall close the case.  No costs shall be awarded.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge

---

of Mot. to Dismiss at 2.  The parties informed the Court during oral argument that plaintiff's expert responded to the independent medical review on October 4, 2011 and the BJA is now preparing its reply to plaintiff's response.